

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 2, 1972

Honorable Robert J. Seerden
Criminal District Attorney
Victoria County Courts Bldg.
Victoria, Texas   77901

Opinion No. M-1064

Re:  Whether the Texas
      Election Code, Section
      50c, requires the dist-
      rict clerk to report to
      the registrar of voters
      felony convictions re-
      sulting in probated
      sentences.

Dear Mr. Seerden:

    You have requested the opinion of this office whether Sub-
division 3 of Section 50c of the Texas Election Code requires
that the district clerk report to the registrar of voters felony
convictions in which the accused receives a probated sentence.
Section 50c is a temporary provision enacted by the 62nd Legis-
lature (Acts 62nd Leg., R.S. 1971, ch. 827, p. 2509, 2519) and
will become a permanent amendment of the Texas Election Code up-
on the occurrence of events outlined in Section 23 of the amend-
atory act [1] (none of which are related to this opinion). Section
50c is codified as Vernon's Election Code, Article 5.18c.

    This office has previously concluded that a person who has
been found guilty of a felony offense and given a probated sent-
ence has been convicted. Attorney General's Opinion No. M-640
(1970). Such a person is prohibited from voting by Vernon's
Election Code, Article 5.01, until the probated sentence is set
aside as authorized by Article 42.12, Section 7, Vernon's Code
of Criminal Procedure. Attorney General's Opinion No. M-795
(1971).

---

    [1] Note that Subdivision 4 of Section 50c states that the
requirements of Subdivision 3 apply only to those felony convic-
tions which occur on or after October 1, 1972.

The obvious purpose of Section 50c is to require the proper officials to report to the registrar of voters all deaths, judgments of mental incompetency, and felony convictions so that the registrar can remove unqualified voters from the list of registered voters. Since a person convicted of a felony and serving a probated sentence is ineligible to vote, our opinion is that the language of Subdivision 3 of Section 50c requiring that ". . . the clerk of each court having jurisdiction of the trial of felony crimes shall furnish to the registrar an abstract of each unappealed conviction for a felony crime and of each final conviction in appealed cases . . ." includes those convictions in which probation is assessed.

## CONCLUSION

Beginning October 1, 1972, the district clerk is required by Article 50c, Texas Election Code, to report to the registrar of voters those felony convictions in which probated sentences are assessed, as well as other felony convictions, unless this requirement expires as provided in Acts 62nd Leg., R.S. 1971, ch. 827, p. 2509.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roland Daniel Green, III
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W.E. Allen, Co-Chairman

Ben Harrison
Howard Fender
James Quick
Sam Jones

SAM MC DANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant